Dear Mr. Elliott:
Your request for an Attorney General Opinion concerning the use of ignition interlock devices has been forwarded to me for research and reply.
You asked the following questions:
 1. Can the restriction of driving privileges that requires the use of an ignition interlock device as a condition of probation be granted as an exception to the previously mandatory suspension periods for convictions for DWI established by La. R.S. 32:414 and to suspensions of drivers' licenses under the Implied Consent Law, La. R.S. 32:667?
 2. If so, would the person subject to said restriction apply to the Department of Public Safety and Corrections for the implementation of a restricted license?
La. R.S. 32:378.2 (A) permits the court to require that any person placed on probation as provided in La. R.S. 14:98(B), (C), and (D) "not operate a motor vehicle during the period of probation unless the vehicle is equipped with a functioning ignition interlock device. . . ."
La. R.S. 32:667 provides that when a driver who is stopped by a law enforcement officer submits to an approved chemical test for intoxication and such test shows a blood alcohol level of .10% or greater, or when the driver refuses to submit to such test, the driver's license is seized and a temporary license receipt, good for not more than 30 days, is issued to the driver.
If the driver makes no request for an administrative hearing to the Department of Public Safety and Corrections pursuant to La. R.S. 32:668 to contest the license seizure, his license is suspended.
La. R.S. 32:667 (B)(1) provides that if the test results show a blood alcohol level of .10% or greater, the driver's driving
 privileges shall be suspended for ninety days from the date of suspension on first offense violation without eligibility for a hardship license for the first thirty days and for three hundred sixty-five days from the date of suspension without eligibility for a hardship license on second and subsequent violations occurring within five years of the first offense.
Section (B)(2) of this statute provides, in pertinent part, as follows:
 [If] the person had refused to submit to the test, his driving privileges shall be suspended for one hundred and eighty days from the date of suspension on first refusal and five hundred forty-five days from the date of suspension without benefit of eligibility for a hardship license on the second and subsequent refusals occurring within five years of the first refusal.
La. R.S. 32:415.1(A)(1) provides, in pertinent part:
 Upon suspension, revocation, or cancellation of a person's drivers license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. . . . [T]he court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family. . . .
Newly enacted La. R.S. 32:378.2(G) states that "[n]otwithstanding the provisions of R.S. 32:414, 415.1, or 667, if the court imposes the use of an ignition interlock device as a term of probation under this Section, the person shall be entitled to apply for restricted driving privileges." (Emphasis added.)
We interpret this to mean that if the court imposes the use of an ignition interlock device as a condition of probation upon a person who would otherwise not be eligible under La. R.S.32:414, 32:667 or 32:415.1 to apply for hardship driving privileges under La. R.S. 32:415.1, this person will nonetheless be eligible to apply for hardship driving privileges under La. R.S. 32:415.1.
In response to your second question, the applicant should apply for restricted driving privileges by petitioning the district court of the parish of his domicile pursuant to La. R.S. 32:415.1 (A)(1), rather than apply directly to the Department of Public Safety and Corrections for such.
I hope the foregoing sufficiently answers your questions. If you have any further questions, please do not hesitate to contact our office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: CAROL A. JEWELL Assistant Attorney General Criminal Division
CAJ/sff